THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHANIEL ANDERSON, Defendant-Appellant.

(No. 61382; )

First District (4th Division)—November 12, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Following a bench trial, the defendant, Nathaniel Anderson, was found guilty of aggravated assault, of unlawful use of weapons, and of failure to register a firearm with the State. Defendant raises the following issue for review: "Whether evidence that the defendant had been arrested on another unrelated but similar charge was prejudicial to the defendant."

Bobby Fox, the complaining witness, testified that the defendant had threatened to kill Fox while defendant waved a gun in Fox's face and while both Fox and the defendant were in their place of employment. Fox testified that he was in actual fear for his life as the defendant waved the gun. On cross-examination the complainant stated that the defendant was intoxicated during the incident.

Officer John Keane of the Chicago Police Department testified that upon his entering the front office of the factory building, he noticed that

a Mr. Colon had a gun magazine and some bullets in his hand. Defendant was also present. Keane proceeded to take the gun from Colon. Thereafter, Fox approached the officer and described the gun waving incident. The officer further testified that Fox explained that he had wrestled the gun from the defendant, unloaded it, and had given the gun and bullets to Colon. The defendant appeared to the officer to have been drinking.

On redirect examination Officer Keane testified that Mr. Colon told him that he had received the gun from Mr. Fox and "that he had just bonded out Anderson on another unlawful use of weapons charge and he didn't want him in anymore trouble."

The defendant testified that, although he was under the influence of alcohol on the day of the incident, he did not own the gun Officer Keane took from Colon and did not wave a gun at Fox.

The defendant contends that Officer Keane's testimony that Mr. Colon bonded the defendant out for a previous unlawful use of weapons charge prejudiced the defendant to the extent that he was denied a fair trial.

██ A trial court, when sitting as a trier of fact, is presumed to consider only competent evidence before it. (*People v. Coolidge* (1963), 26 Ill.2d 533, 187 N.E.2d 694.) This presumption is rebutted only when it affirmatively appears that the trial court was misled or improperly influenced or in any way relied upon inadmissible evidence with respect to a past arrest which did not result in a conviction. (*People v. Jackson* (1968), 95 Ill.App.2d 193, 238 N.E.2d 196.) The record in the instant case does not reveal that the trial court in any way relied upon the statement concerning a past arrest. In addition, "we do not sense a deliberate effort to prejudice the trial judge against the defendant." (*People v. Morton* (1961), 21 Ill.2d 139, 141, 171 N.E.2d 592, 594.) Finally, no objection was made by defense counsel to the testimony regarding the previous arrest. This court concludes that the admission of the arrest testimony into evidence was not prejudicial to the defendant.

For these reasons, the judgments of the Circuit Court of Cook County are affirmed.

Judgments affirmed.

BURMAN and JOHNSON, JJ., concur.